(Reap. Dec. 8393)

F. W. WOOLWORTH CO. ET AL. *v.* UNITED STATES

Entry No. 847851, etc.

(Decided February 24, 1955)

*Sharretts, Paley & Carter* for the plaintiffs.
*Warren E. Burger*, Assistant Attorney General, for the defendant.

LAWRENCE, Judge: The four appeals for a reappraisement enumerated in schedule "A," attached to and made part of this decision, have been consolidated for hearing and determination.

The merchandise which is the subject of these appeals consists of celluloid-covered thumbtacks, 50 pieces mounted on each board, imported from Germany.

The United States appraiser of merchandise made a report, as required by section 202 (a) of the Antidumping Act of 1921 (19 U. S. C. §§ 160–171), pursuant to the finding of dumping of such merchandise from Germany (section 201 (a) of said act), which was proclaimed by the Secretary of the Treasury September 12, 1933 (64 Treas. Dec. 216, T. D. 46615).

Plaintiffs contend that the provisions of the Antidumping Act, *supra*, do not apply to the thumbtacks in controversy for the reason that the purchase price is not less than the foreign market value (section 202 (a), *supra*).

It has been stipulated and agreed by the parties hereto that the facts and issues involved in the present appeals are the same in all material respects as the facts and issues in *United States* v. *S. S. Kresge Co.*, 30 Cust. Ct. 645, A. R. D. 24, the record in which case has been incorporated into the records in said appeals for a reappraisement.

It was further stipulated and agreed that the merchandise consists of steel wire thumbtacks with celluloid-covered heads, 50 pieces mounted on each board, exported from Germany during the years

1938 and 1939; that such merchandise was not offered for sale nor sold in the principal markets of Germany in the usual wholesale quantities and in the ordinary course of trade for home consumption; that such merchandise was freely offered for sale and was sold during the years 1938 and 1939 in the principal markets of Germany, in the usual wholesale quantities of 1,000 or more gross boards in the ordinary course of trade to all purchasers for exportation to the United States and to other countries at RM 8.85 per gross boards, less 3 per centum, and that said price includes the cost of all containers and coverings of whatever nature, and all other costs, charges, and expenses incident to placing the merchandise in condition, packed ready for shipment to the United States.

The parties have also stipulated and agreed that the price of RM 8.85 per gross boards, less 3 per centum, was the actual price paid by the importers herein and was the amount received by the manufacturer, and that the purchase price, as defined in section 203 of the Antidumping Act of 1921, is the same as the foreign market value on the dates of purchase, as defined in section 205 of said act.

Upon the uncontroverted facts of record, the court holds that the export value, as defined in section 402 (d) of the Tariff Act of 1930 (19 U. S. C. § 1402 (d)), and the foreign market value on the date of purchase, as defined in section 205 of the Antidumping Act of 1921 (19 U. S. C. § 164), for the steel wire thumbtacks with celluloid-covered heads, 50 pieces mounted on each board, covered by the appeals for a reappraisement enumerated in schedule "A," attached to and made a part of this decision, were RM 8.85, less 3 per centum, per gross boards. The court further holds that the purchase price, as defined in section 203 of said Antidumping Act of 1921 (19 U. S. C. § 162), is equal to the foreign market value on the date of purchase.

Judgment will issue accordingly.